UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
UNITED STATES OF AMERICA,

        -against-                              **ORDER DENYING EARLY**
                                                            **TERMINATION OF**
GEORGE PADULA,                             **SUPERVISED RELEASE**

                            Defendant.
-----------------------------------------------------------X
PAMELA K. CHEN, United States District Judge:

Before the Court is Defendant George Padula's [23] request for early termination of his two-year term of supervised release. For the reasons herein, that request is denied.

**I.    Legal Standard**

Pursuant to 18 U.S.C. § 3583(e)(1), the Court may "terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provision of the Federal Rules of Criminal Procedure relating to the modification of probation [*e.g.*, 18 U.S.C. § 3564(c) (early termination of probation)], if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997) (noting that a defendant's "exceptionally good behavior" could justify reduction of a supervised release term). As Defendant acknowledges (Dkt. 328 at 5), early termination is "not warranted as a matter of course; on the contrary, it is only 'occasionally' justified due to 'changed circumstances' of a defendant, such as 'exceptionally good behavior.'" *United States v. Fenza¸*No. 03-CR-921 (ADS), 2013 WL 3990914, at *2 (E.D.N.Y. Aug. 2, 2013) (quoting *Lussier*, 104 F.3d at 36)). It is well-established that mere compliance with the terms of supervised release and the law is insufficient to justify termination. *See, e.g., United States v. Stein*, No. 09-CR-377 (RPK), 2020 WL 4059472, at *2 (E.D.N.Y. July 19, 2020) ("Exceptionally good behavior is not

established by mere compliance with the terms of supervised release") (quoting *Lussier*, 104 F.3d at 36)); *United States v. Gonzales*, No. 94-CR-134 (JSR), 2015 WL 4940607, at *1 (S.DN.Y. Aug. 3, 2015) ("Full compliance with the terms of supervised release is what is expected of the defendant . . . and does not warrant early termination."); *United States v. Rusin*, 105 F. Supp. 3d 291, 292 (S.D.N.Y. 2015) ("Early termination [of probation] is not warranted where a defendant did nothing more than that which he was required to do by law."); *United States v. Olivieri*, 72 F. Supp. 3d 401, 403 (S.D.N.Y. 2014) ("A defendant's faithful compliance with the terms of his supervision does not, by itself, entitle him to modification or termination of his term of supervised release. Rather, 'full compliance with the terms of supervised release is what is expected of [the defendant] . . . and does not warrant early termination.  In addition, obtaining productive employment, while laudable, does not justify the termination of supervision.'") (citations omitted). Finally, in deciding whether to grant early termination of supervised release, the Court also must consider the "factors set forth in 18 U.S.C. 3553(a) to the extent that they are applicable."  18 U.S.C. § 3564(c) ("The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, . . . if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice[.]").

**II.     Application**

Here, Defendant seeks early termination based on his compliance with the conditions of his supervision, resolution of mental health issues, part-time employment as of March 2023, and enrollment and scholastic achievement at the University of Phoenix (which the Court assumes is completely virtual, *see* https://www.phoenix.edu/about/campus-locations.html#additional-

campus-directory (showing no New York State or City campus locations)). These reasons are insufficient to justify early termination.

First, as discussed, mere compliance with the requirements of supervision does not constitute exceptionally good behavior, so as to warrant early termination; rather, it is what is expected of releasees. Second, while Defendant's part-time employment and academic accomplishments are commendable, they also are not extraordinary and do not warrant early termination. Third, the fact that Defendant no longer suffers from mental health issues, while it bodes well for his continued success while on supervision, does not warrant early termination. Fourth, the Court finds the cases upon which Defendant relies to be distinguishable, since each involved additional factors that went beyond mere compliance with supervised release and thus warranted early termination. In particular, *United States v. Sam*, 16-cr-184 (JGK), 2018 WL 836055 (S.D.N.Y. Feb. 12, 2018), is instructive. There, the Honorable John G. Koetl granted the defendant's request for early termination, after having denied an earlier request. In deciding to grant early termination the second time, Judge Koetl explained:

> The record reflects that [Defendant] Sam has shown exceptional reasons for the early termination of her supervised release. She has complied with all of the conditions of her supervised release—*although that is a necessary, rather than a sufficient reason, for early termination*. There is no identifiable risk to either the public or any identified party. . . . She has also shown extraordinary rehabilitation by working actively for the benefit of others who were previously imprisoned. She has received a Soros Justice Fellowship and is actively involved in various efforts to help those who were formerly incarcerated. In particular, she has been responsible for establishing Hope House, a home for formerly incarcerated women. However, her laudable efforts have in fact been hampered by her supervised release because she is restricted in her ability to associate with others who are still on supervised release. Her supervised release has also been cited as one reason why the New York State Department of Corrections and Community Supervision will not grant Hope House permission to open and house parolees. Terminating Ms. Sam's supervised release will allow her to work more actively with those who are still on supervised release and fulfill her goal of opening Hope House to its first residents.

*Id*. at 1 (emphasis added) (citation omitted). Such extraordinary circumstances do not exist in this case.

Lastly, the Court does not find that the relevant sentencing factors weigh in favor of early termination. The nature and circumstances of the offenses Defendant committed and centrally participated in, *see* 18 U.S.C. § 3553(a)(1), involving extensive fraud and extortion (including Defendant exploiting his purported organized crime connections and threatening to shoot one of the victims), and resulting in losses of over $500,000 to the victims (*see* Presentence Report ¶¶ 7-33), supports Defendant's continued post-release supervision. Indeed, Defendant is jointly and severally liable for $559,911.26 in restitution, which he must repay at a rate of 10% of his gross monthly income. At a minimum, Defendant's supervision is necessary to ensure that he continues to comply with his restitution obligation. Although Defendant's post-release conduct indicates that there might less of a need for specific deterrence or protection of the community than when he was originally sentence, *see* 18 U.S.C. §§ 3553(a)(2)(B) and (C), the Court cannot conclude that there is no longer any need for either, such that supervised release should be terminated early.

Accordingly, because the interests of justice do not warrant early termination of Defendant's supervised release, his request is denied.

SO ORDERED.

*/s/ Pamela K. Chen*
Pamela K. Chen
United States District Judge

Dated: September 27, 2023
 Brooklyn, New York

4